UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY WAYNE JESTER,

        Petitioner,

   v.                                               CAUSE NO. 3:23-CV-103-DRL-JEM

WARDEN,

        Respondent.

OPINION AND ORDER

Ricky Wayne Jester, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2241 to challenge the calculation of his sentence under 3:96-CR-26 (S.D. Ind. filed July 29, 1996), though he is currently incarcerated at the Miami Correctional Facility pursuant to a state court conviction. He contends that the United States District Court for the Southern District of Indiana lacked authority to order him to serve his federal sentence consecutive to the state sentence, relying on *Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In *Romandine*, the petitioner raised a similar claim as a collateral attack to his sentence under 28 U.S.C. § 2255, but the court of appeals construed the claim as an attack on the calculation of his sentence more appropriately raised under 28 U.S.C. § 2241:

> [W]e very much doubt that Romandine's current petition is based on § 2255. He did not seek a change or reduction in the sentence so much as he sought a declaration that he has completed its service. In other words, Romandine

> wants time already spent in state custody credited against his federal sentence. Requests for sentence credit, or for recalculation of time yet to serve, do not come under § 2255. They must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits). Recent limitations on successive motions do not apply to § 2241 or the APA. The United States failed to point this out to the district court, which forfeits any opportunity to obtain dismissal for failure to exhaust administrative remedies.

*Id.* at 736.

As indicated by *Romandine*, Mr. Jester is required to exhaust his administrative remedies before he can challenge the calculation of his federal sentence in court. In the petition, he indicates that he has challenged his sentence in the Southern District of Indiana but has not raised this claim in any other petition, application, or motion. In other words, Mr. Jester has not exhausted his administrated remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Jester proceeds in this habeas case under § 2241 rather than under § 2254, so the statute of limitations set forth in § 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their

2

sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Consequently, dismissing this case will not effectively end Mr. Jester's chance at habeas corpus review by rendering his claim untimely. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Mr. Jester has exhausted his claim in state court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(2) DENIES Ricky Wayne Jester a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

February 10, 2023                                             *s/ Damon R. Leichty*
                                                              Judge, United States District Court